**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: DONNIE RAY ENNIS; THELMA
MARIE ENNIS,

            *Debtors.*

---

DONNIE RAY ENNIS; THELMA MARIE
ENNIS,

        *Debtors-Appellants,*

        v.

GREEN TREE SERVICING, LLC,

        *Creditor-Appellee.*

No. 07-2134

Appeal from the United States Bankruptcy Court
for the Western District of Virginia, at Lynchburg.
William E. Anderson, Bankruptcy Judge.
(BK 07-60738)

Argued: October 28, 2008

Decided: February 25, 2009

Before NIEMEYER and MICHAEL, Circuit Judges,
and Richard D. BENNETT, United States District Judge for
the District of Maryland, sitting by designation.

---

Reversed by published opinion. Judge Michael wrote the
opinion, in which Judge Niemeyer and Judge Bennett joined.

---

**COUNSEL**

Stephen E. Dunn, STEPHEN E. DUNN, P.L.L.C., Forest, Virginia, for Appellants. W. Calvin Smith, SPILMAN, THOMAS & BATTLE, P.L.L.C., Roanoke, Virginia, for Appellee.

**OPINION**

MICHAEL, Circuit Judge:

The anti-modification clause in § 1322(b)(2) of the Bankruptcy Code prevents a Chapter 13 debtor from bifurcating a secured claim into secured and unsecured portions if the claim is "secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). The issue in this appeal is whether the definition (added in 2005) of "debtor's principal residence," which includes a mobile home that is not "attached to real property," *id.* § 101(13A), alters the real property requirement of the anti-modification clause. We hold that the definition leaves the real property requirement untouched. The bankruptcy court's determination to the contrary is reversed.

I.

In May 2002 Donnie Ennis entered into a Manufactured Home Promissory Note, Security Agreement and Disclosure Statement (the Security Agreement) with Green Tree Servicing, LLC (Green Tree) to finance the purchase of a 1997 Fleetwood mobile home. The Security Agreement gave Green Tree a lien on the mobile home, which secured a debt in the original amount of $24,747. Green Tree perfected its security interest by having its lien noted on the Certificate of Title for a Vehicle (the title for the mobile home) issued to Mr. Ennis by the Virginia Department of Motor Vehicles. The mobile

home is the principal residence of Mr. Ennis and his wife, Thelma Ennis, and it sits on a lot rented by the Ennises in a mobile home park. The mobile home is taxed as personal property by Campbell County, Virginia.

In April 2007 the Ennises (the debtors) filed a petition for relief under Chapter 13 of the Bankruptcy Code. The debtors also filed a Chapter 13 plan (the plan) that called for the bifurcation of Green Tree's claim into two parts: a secured claim in the amount of $12,000, and an unsecured claim covering the remainder of the debt ($11,923). The plan provided for the payment of the secured portion of the claim over fifty-five months at nine percent interest. Green Tree objected to the plan, arguing that it impermissibly bifurcated (or modified) its claim. The bankruptcy court entered an order sustaining the objection on the grounds that Green Tree's claim was protected from modification under § 1322(b)(2) because the mobile home was real property that was the debtors' principal residence. *In re Ennis*, No. 07-60738-LYN (Bankr. W.D. Va. Oct. 17, 2007). At the debtors' request the bankruptcy court certified that there is no controlling decision by this court with respect to § 101(13A)'s effect on claim modification under § 1322(b)(2). We therefore authorized this direct appeal by the debtors. *See* 28 U.S.C. § 158(d). The appeal presents a question of law that we consider de novo. *In re Bunker*, 312 F.3d 145, 150 (4th Cir. 2002).

## II.

Today's dispute requires us to interpret the anti-modification clause in Bankruptcy Code § 1322(b)(2), which was included in the Bankruptcy Reform Act of 1978. A debtor's Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). According to the anti-modification clause, when an undersecured claim is evidenced by "a security interest in real property that is the debtor's prin-

cipal residence," the claim cannot be bifurcated into secured and unsecured components. Green Tree argues that the definition of "debtor's principal residence," added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, prevents the modification of a claim secured by a lien on a mobile home. According to the definition,

> The term "debtor's principal residence" —
>
> (A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and
>
> (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

11 U.S.C. § 101(13A). Green Tree contends that the definition "evidences a . . . federal interest to define real property in Chapter 13 not under varying state law, but under a broader and uniform definition." Appellee's Br. 3. Green Tree is mistaken about the effect of the definition.

The prohibition against modification in § 1322(b)(2) has two distinct requirements: first, the security interest must be in real property, and second, the real property must be the debtor's principal residence. The definition of "debtor's principal residence" addresses only the second requirement, "leaving the explicit 'real property' [requirement] untouched." *In re Herrin*, 376 B.R. 316, 320 (S.D. Ala. 2007). Not only does the "debtor's principal residence" definition avoid defining "real property," but the definition also makes clear that whether a structure is a principal residence is independent of whether it might be real property. Specifically, the definition states that a "debtor's principal residence . . . means a residential structure . . . without regard to whether that structure is attached to real property." 11 U.S.C. § 101(13A). Finally, Green Tree ignores a basic canon of statutory construction in

attempting to use the definition of "debtor's principal residence" to eliminate the real property requirement in the anti-modification clause. A statute "must be interpreted, if possible, to give each word some operative effect." *Walters v. Metro Educ. Enters.*, 519 U.S. 202, 209 (1997). Here, the definition of "debtor's principal residence" and the real property requirement in the anti-modification clause may each be given effect according to their plain language: "property can be a debtor's principal residence even if it is personalty, but it cannot be subject to the [anti-]modification provision unless it is realty." *In re Herrin*, 376 B.R. at 320. In sum, the real property requirement of § 1322(b)(2)'s anti-modification clause survives the definition of "debtor's principal residence."

It is undisputed that the anti-modification clause's second requirement is met in this case: the mobile home is the debtors' principal residence. The remaining issue is whether the mobile home meets the clause's first, or real property, requirement. We look to state law (here, Virginia law) to determine whether the mobile home is personal or real property. *Id.* at 318; *see also Butner v. United States*, 440 U.S. 48, 54-55 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law."). Mr. Ennis obtained a vehicle title to the mobile home from the Virginia Department of Motor Vehicles. *See* Va. Code Ann. § 46.2-653. The mobile home was thus classified under Virginia law as "tangible personal property" for tax purposes, *see id.* § 58.1-3503.A.6, and the bankruptcy court found that the home was taxed as personal property by Campbell County, Virginia. In the Security Agreement Mr. Ennis agreed that the mobile home would "remain personal property" and that it would "not become a fixture or part of the real property" without Green Tree's written consent. J.A. 69. The record reveals that the vehicle certificate of title to the mobile home remains a valid document, which means that Mr. Ennis honored the Security Agreement and did not return the title to the Department of Motor Vehicles for cancellation or otherwise attempt to convert the mobile home to real

estate. *See* Va. Code Ann. § 46.2-653 (outlining steps for converting a mobile home to real estate).

*In re Witt*, 113 F.3d 508 (4th Cir. 1997), relied upon by the bankruptcy court, does not support the argument that the Ennis mobile home is real property. *Witt* involved an attempt by debtors, invoking a different provision, § 1322(c), to bifurcate a claim secured by a deed of trust on a mobile home and lot. The district court had determined that the mobile home was real property under Virginia law, and that determination was not challenged on appeal. 113 F.3d at 510 n.1. Because the mobile home's property classification was not at issue in *Witt*, that case does not affect our analysis here.

We conclude that the mobile home in this case is personal property. Accordingly, the real property requirement of § 1322(b)(2)'s anti-modification clause is not satisfied, and the debtors are not prevented from modifying Green Tree's secured claim in their Chapter 13 plan.

The order of the bankruptcy court is

*REVERSED*.